UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANTANA SANCHEZ,

v.  Case No.   8:02-cr-238-T-17TGW
   8:08-cv-1523-T-17TGW

UNITED STATES OF AMERICA.

_____/

## ORDER

This cause is before the Court on Defendant Sanchez's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-149). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

Background

Previously, on September 17, 2004, Sanchez signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 in case number 8:04-cv-2124-T-17TGW. The Court found that the motion was time-barred and denied the motion to vacate. Sanchez subsequently filed two motions for reconsideration, both of which were denied. Then he wrote a letter to the Court seeking permission to file an untimely 28 U.S.C. § 2255 motion. In essence, Sanchez was seeking relief through equitable tolling. The Court stated that it was improper for Sanchez to address a judge directly, but also stated that even if Sanchez's letter were a proper motion for equitable

tolling, equitable tolling was not appropriate. The United States Court of Appeals for the Eleventh Circuit affirmed the district court's ruling.

Next, Sanchez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. cr-138). The Court denied the motion. (Doc. cr-148). Then Sanchez filed the present 28 U.S.C. § 2255 motion to vacate raising claims related to his original conviction and sentence.

Sanchez claims that he is entitled to relief under the ruling in *United States v. Lopez-Vanegas,* 493 F.3d 1305 (11th Cir. 2007). In *Lopez-Vanegas*, the Court held that since the conspiracy to possess controlled substances was made outside of the United States to distribute [controlled substances] outside of the United States, there was no violation of the federal statute criminalizing such act. 493 F.3d at 1313. The findings in *Lopez-Vanegas* have no bearing on Sanchez's' case because, in *Lopez-Vanegas*, the defendants were convicted of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), and 21 U.S.C. § 846, while Sanchez pled guilty to charges of conspiracy and possession of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 Appendix U.S.C. §§ 1903(a)(g) and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). *See Hendricks v. United States, 2008 WL 2914985 (M.D. Fla. Jul. 24, 2008).* These are different charges.

Nothing in *Lopez-Vanegas* rescues the present motion to vacate from its untimely state, and the Court finds that the motion to vacate must be denied as untimely.

**Accordingly, the Court orders**:

That Sanchez's motion to vacate (Doc. cv-1; cr-149) is denied as untimely. The Clerk is directed to enter judgment against Sanchez in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, on August 15, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Thomas Nelson Palermo
Santana Sanchez